THOMPSON *vs.* HUTCHISS, TUTOR, ETC.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF WEST BATON ROUGE.

The creditor of a succession, inherited by minors, under the tutorship of the administrator, cannot institute suit for the removal of the tutor for malversation in office. No one can institute this action, without being properly authorized by the Court of Probates, as required by the article 1016, of the Code of Practice.

The plaintiff alleges, that he is a creditor of the estate of

one James Hackett, deceased, now in the hands, and admin-  EASTERN DIST.
istered by the defendant, as tutor of the minor children of  January, 1839.
the deceased, and that he has an interest in the ultimate
solvency of said estate. He then states, that for certain
causes and conduct of the defendant, he is incapable, and
cannot to be safely trusted with the administration thereof,
and prays that he be required to render an account ; that he
be also removed from the tutorship of said minors ; and that
the administration of said estate be taken from him.

THOMPSON
vs.
HUTCHISS.

The defendant averred, that the petition contained no cause
of action ; and set up various matters in defence.

After hearing the parties, the judge of probates rendered
judgment, requiring the defendant to render an account ;
that he be also removed from the office of tutor ; and that
the under tutor attend, and cause another tutor to be
appointed.

From this judgment, after an unsuccessful attempt to
obtain a new trial, the defendant appealed.

*Labauve*, for the defendant and appellants.

*Martin, J.*, delivered the opinion of the court.

The plaintiff states himself to be a creditor, and concerned
in the solvency of the estate of Hackett, and suggests the
malversation of the defendant, as administrator of the estate,
and tutor of the minor heirs ; prays that he may be ordered
to render his account, and be dismissed from the tutorship.
There was judgment against the defendant accordingly, and
he appealed.

It is clear that the court erred in dismissing him from the
tutorship, although it is the duty of every person to commu-
nicate to the Court of Probates, any fact within his know-
ledge, on which a tutor ought to be removed. *Code of Practice,*
*art.* 1015. No one is authorized to institute the action for the
removal, without being properly authorized so to do by the
Court of Probates. The article 1016, provides that the
judge when made acquainted with such fact, if he think
there be probable cause for removal, shall direct the subro-

The creditor
of a succession
inherited by mi-
nors, under the
tutorship of the
administrator,
cannot institute
suit for the re-
moval of the tu-
tor for malver-
sation in office.
No one can in-
stitute this ac-
tion without be-
ing properly au-
thorized by the
Court of Pro-
bates, as requir-
ed by the article
1016 of the Code
of Practice.

gated tutor or curator *ad lites* of such minor, to prosecute the removal; or if the said minor has no subrogated tutor or curator *ad lites*, he shall appoint a curator *ad hoc* to commence the action.

In the present case, the record shows that there was a subrogated tutor, who intervened, and evinced his disapprobation of the removal of the tutor.

The plaintiff's application ought to have been dismissed. We have refrained from examining, whether the judge of probates ought not to have ordered the subrogated tutor to institute an action for the removal of the tutor; because, it has appeared to us, that the plaintiff has not the right to demand the amendment of the judgment in this respect, and if he had, he has not exercised it. The judge of the Court of Probates needs not the expression of our opinion on the propriety of the tutor's removal, who may, without it, order a suit to be instituted therefor, on the information before him.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be reversed, the suit dismissed at plaintiff's costs, together with costs of appeal.